**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | **CASE NO. 21-mc-00044-JEB** |
| **v.** | **:** | |
| | **:** | |
| **MARC BRU** | **:** | |
| | **:** | |
| **Defendant.** | **:** | |

**RESPONSE TO MINUTE ORDER REGARDING VIDEO EXHIBIT RELEASE**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby responds to the Court's April 10, 2026, Minute Order, directing the Government to respond to petitioners' request to access video exhibits submitted to the Court in the above-captioned case. Petitioner represents National Public Radio (NPR), which have moved this Court to disclose documentary and video evidence used as exhibits in the trial hearing for the defendant in this case, pursuant to the procedure outlined by this Court's in Standing Order 21-28 (BAH) in *In re Media Access to Video Exhibits in Pretrial Hearings During the COVID-19 Pandemic*, Case No. 21-mc-0044(JEB). The government is in agreement that the videos submitted to this Court can be released in accordance with the procedure outlined by this Court. *See* Standing Order 21-28 (BAH), at 5-6.

The D.C. Circuit has consistently employed the six-factor "Hubbard test" [1] when

---

[1] The *Hubbard* test balances the following factors: "(1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings." *Leopold v. v. United States*, 964 F.3d 1121, 1131 (D.C. Cir. 2020) (quoting *MetLife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 665 (D.C. Cir. 2017)).

1

determining whether the common-law right of access to judicial records requires those records to be made available to the public for copying and inspection. Applied in the general context of video exhibits admitted into evidence in court hearings involving defendants charged with criminal offenses related to the January 6, 2021 breach of the U.S. Capitol, and absent order of the court, that test generally weighs in favor of allowing public access to these exhibits.

The petitioners' filing seeks video exhibits from the criminal trial held in this matter in the District of Columbia on October 3, 2023. *See* Petitioners' Application for Access to and Permission to Disseminate Certain Exhibits Presented by the United States at Trial (ECF No. 1), at pp. 1-3. The government submitted approximately 97 exhibits to this Court, at the bench trial, including video footage, photographs, audio clips, social media posts, and other documentary evidence. Neither party sought a sealing order for the videos upon their submission.

Therefore, because the videos were used in this Court's decision on detention, and they were not subject to a sealing order, the government does not object to their disclosure, including their release for recording, copying, downloading, retransmitting or further broadcasting.

Respectfully submitted,

**JEANINE FERRIS PIRRO**
United States Attorney

By:  _____/s/_____
G. A. Massucco-LaTaif
Assistant United States Attorney
PA Bar ID No. 70718
United States Attorney's Office for the
District of Columbia
601 D Street NW
Washington, D.C. 20530
(202) 252-7566

2

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Court, which will provide a copy to counsel of record.

<u>          /s/          </u>
G. A. Massucco-LaTaif
PA Bar ID No. 70718
601 D Street, N.W.
Washington, D.C. 20530
george.massucco@usdoj.gov
(202) 252-7000

3